IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICKY DEAN SHARRAH                                                              PETITIONER

v.                        Civil No. 2:22-cv-02040-PKH-MEF

JIMMY DAMANTE,                                                                  RESPONDENT
Acting Sheriff of Crawford County, Arkansas

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State Custody. The Respondent has not been directed to file a response and none is necessary. The matter is ready for report and recommendation.

### I.    BACKGROUND

Petitioner, Ricky Dean Sharrah ("Sharrah"), filed his current *pro se* petition on March 7, 2022. (ECF No. 1). This is Sharrah's third such petition filed in this Court since June 23, 2021.[1]

Sharrah is a pretrial detainee being held in the Crawford County Justice Center in Van Buren, Arkansas. (*Id.*, p. 1). The Petition concerns his state criminal cases, *State of Arkansas v. Ricky Sharrah*, Case Nos. 17CR-20-985, 986, 999, 1000, 1001 and Case No. 17CR-2021-162.[2] In Case No. 17CR-20-985, Sharrah is charged with Terroristic Threatening – 1st Degree. In Case

---

1 On June 23, 2021, Sharrah filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 in Case No. 2:21-cv-02115. A Magistrate Judge's Report and Recommendation was filed on July 8, 2021, recommending dismissal pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). (ECF No. 3). Sharrah filed objections. (ECF No. 4). An Order adopting the Magistrate Judge's Report and Recommendation in full and dismissing that action was entered on July 21, 2021. (ECF No. 5). On August 4, 2021, Sharrah filed a second Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 in Case No. 2:21-cv-02128. A Magistrate Judge's Report and Recommendation was filed on August 9, 2021, again recommending dismissal pursuant to the *Younger* abstention doctrine. (ECF No. 3). Sharrah filed objections. (ECF No. 5). An Order adopting the Magistrate Judge's Report and Recommendation in full and dismissing that action was entered on August 20, 2021. (ECF No. 6).
2 Sharrah provides a partial list of case numbers in his current Petition. (ECF No. 1, p. 2). The Court located Sharrah's state court case information on caseinfo.arcourts.gov. (Last accessed on March 7, 2022.)

1

No. 17CR-20-986, Sharrah is charged with Simultaneous Possession of Drugs and Firearms, Possession of Methamphetamine, Possession of Drug Paraphernalia, and Resisting Arrest. In Case No. 17CR-20-999, Sharrah is charged with Terroristic Threatening – 1st Degree and Violation of a Protection Order. In Case Nos. 17CR-20-1000 and 1001, Sharrah is charged with two more counts of Violation of a Protection Order. In Case No. 17CR-21-162, Sharrah is charged with Possession of Methamphetamine with Purpose to Deliver, Possession of Drug Paraphernalia, Battery in the Second Degree on a Law Enforcement Officer, and Absconding. Following the recusal of all Circuit Judges in Crawford County, the Arkansas Supreme Court assigned the Hon. Randy Wright to preside over these cases.[3]

The present status of Sharrah's pending state court criminal cases can be summarized as follows:

- A status and inquiry as to counsel hearing was held on Thursday, August 19, 2021, at which time the court ordered the Arkansas Public Defender Commission to appoint an attorney to represent Sharrah, and the court ruled that all time for speedy trial was tolled.

- Attorney Jeremy Wann of the Arkansas Public Defender Commission was appointed to represent Sharrah on September 1, 2021.

- Attorney Tony Pirani entered his appearance and filed a motion to substitute counsel for Sharrah on October 27, 2021.

- A pre-trial hearing was held on October 28, 2021. Sharrah was present with attorney Pirani and the court signed an order substituting Pirani for attorney Wann

---

[3] Judge Wright was assigned to Case Nos. 17CR-20-985, 986, 1000 and 1001 by Orders entered on June 8, 2021. Judge Wright was assigned to Case Nos. 17CR-20-999 and 17CR-21-162 by Orders entered on June 11, 2021.

as defense counsel. Pirani requested time to have a forensic evaluation done, and the court directed him to file any motion for forensic evaluation no later than October 29, 2021. The State tendered a disc of the case file to the defense. A pre-trial hearing was set on January 13, 2022, with a jury trial set to begin on February 14, 2022.

- Pirani filed a Formal Notice Pursuant to Ark. Code Ann. § 5-2-304 on October 29, 2021, placing Sharrah's mental competency in issue.

- On November 8, 2021, the State filed a Motion for Continuance based on the filing of the § 5-2-304 notice without the filing of accompanying motions for mental evaluations, requesting that speedy trial time be tolled from October 29, 2021, the date on which such motions were ordered to be filed.

- Pirani filed a Petition for Fitness to Proceed Examination and a Petition for a Criminal Responsibility Examination on November 9, 2021. Orders granting these petitions and directing the evaluations were entered on November 16, 2021.

- On January 12, 2022, Pirani filed a Motion to Continue, stating that while Sharrah's cases were scheduled for a status hearing on January 13, 2022, the actual evaluation appointment was scheduled on February 8, 2022. Pirani also advised that he had tested positive for COVID-19 and was symptomatic. He requested a continuance of at least 45 days to allow for resolution of his COVID-19 infections, as well as for completion of the scheduled evaluation and related report.

- Acting *pro se* despite Pirani's representation, Sharrah then filed a Motion to Dismiss under Ark.R.Crim.P. 28.1, on February 14, 2022. He filed two more such motions on March 3, 2022, and yet another such motion on March 4, 2022.

Sharrah's current § 2241 petition asserts two grounds for relief: (1) that his Sixth Amendment right to a speedy trial right has been violated, and (2) that his Fifth Amendment rights have been violated because he is being held without a grand jury indictment. (ECF No. 1, p. 6). For relief, he requests his immediate release and an absolute bar to future prosecution. *Id*. at 6-7.

## II. LEGAL STANDARD

Congress's general grant of habeas authority to the federal courts appears in 28 U.S.C. § 2241, which extends the writ to, among others, persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pretrial detainees challenging the legitimacy of pending state litigation must pursue relief under § 2241. *Phillips v. Court of Common Pleas, Hamilton County, Ohio*, 668 F.3d 804, 809 (6th Cir. 2012); *see also Rojas Hernandez v. Paget*, 2016 WL 7404742, * 2 (D. Minn. Nov. 10, 2016) ("Section 2241 has been recognized as a potential source of habeas review for state pretrial detainees."). "Before obtaining habeas relief, however, the petitioner must not only be in custody but also have exhausted his state remedies." *Rojas Hernandez*, *supra*. (citing *Moore v. United States*, 875 F.Supp. 620, 622 (D. Neb. 1994). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved

either by trial on the merits in the state court or by other state procedures available to the petitioner." *Id*. (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).

### III. DISCUSSION

#### 1. Abuse of the Writ

The successive petition restrictions of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(a), do not apply to § 2241 habeas petitions. Thus, the Court looks to the common-law abuse of the writ doctrine. This doctrine "in general prohibits subsequent habeas consideration of claims not raised, and thus defaulted, in the first federal habeas proceeding." *McCleskey v. Zant*, 499 U.S. 467, 490 (1991) (overruled in part by statutory enactment of the AEDPA). The § 2241 petition now before the Court is Sharrah's third such petition in nine months. Although he alleges slightly different facts and/or grounds in support of each petition, all deal with the same underlying state criminal cases and his primary claim that he is being denied a speedy trial. His current § 2241 petition is an abuse of the writ.

#### 2. Failure to Exhaust State Remedies

With respect to his speedy trial claim, Sharrah seeks to assert an affirmative defense prior to his case being brought to trial. He may assert "a speedy trial defense [in state court] when, and if, he is finally brought to trial." *Braden*, 410 U.S. at 489. Sharrah has not, therefore, "exhausted all available state remedies as a prelude to this action." *Id.*

Regarding his due process claim for being detained without a grand jury indictment, as noted by the Supreme Court in *Braden*, the exhaustion requirement, applied to claims under § 2241(c)(3), "is a judicially crafted instrument which reflects a careful balance between important interests of federalism" and "preserves the role of the state courts in the application and enforcement of federal law." *Id.* at 490. This balance is only preserved here by requiring Sharrah

5

to first bring this claim before the state court.

### 3. The Doctrine of Abstention

Sharrah's § 2241 petition raises issues that may be resolved by trial or other state process, so his claims are barred by the *Younger* abstention doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), "the Supreme Court held that, consistent with our nation's commitment to the principles of comity and federalism, a federal court should abstain from exercising jurisdiction in cases where there is a parallel, pending state criminal proceeding, so long as certain conditions are met." *Minnesota Living Assistance, Inc. v. Peterson*, 899 F.3d 548, 551 (8th Cir. 2018). The Court should abstain from hearing a case when: "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)).

There are ongoing Arkansas state judicial proceedings pending against Sharrah, which implicate the important state interest in enforcing state criminal law, and those pending state criminal proceedings afford Sharrah an adequate opportunity to raise the constitutional questions he now presents. And, as noted above, the issues of Sharrah's fitness to proceed and criminal responsibility are also pending before the State court.

Moreover, Sharrah ignores the delays caused by the COVID-19 pandemic. Beginning on March 17, 2020, the Arkansas Supreme Court announced implementation of precautionary measures due to the pandemic, including the suspension of in person proceedings, and it ordered that for criminal trials any delay for speedy-trial purposes shall be deemed to presumptively constitute good cause under Arkansas Rule of Criminal Procedure 28.3(h). *See In re Response to the COVID-19 Pandemic,* 2020 Ark. 116 (per curiam). Jury trials were scheduled to begin again

on June 30, 2020. *See In re Response to the COVID-19 Pandemic,* 2020 Ark. 249 (per curiam). In November 2020, jury trials that had not already begun, were suspended again until January 15, 2021. *In re Response to the COVID-19 Pandemic,* 2020 Ark. 384 (per curiam). Again, the Supreme Court stated that for criminal trials any delay due to precautions against the COVID-19 pandemic shall presumptively constitute good cause under Arkansas Rule of Criminal Procedure 28.3(h) and shall constitute an excluded period for speedy trial purposes. *Id.* Sharrah was charged during this timeframe, when Case Nos. 17CR-20-985 and 986 were filed against him on December 15, 2020, and Case Nos. 17CR-20-999, 1000, and 1001 were filed against him on December 21, 2020.

The suspension of jury trials was extended to February 28, 2021. *In re Response to the COVID-19 Pandemic*, 2021 Ark. 1 (per curiam). Another extension, through April 30, 2021, was ordered on February 12, 2021. *In re Response to the COVID-19 Pandemic,* 2021 Ark. 30 (per curiam). The most recent charges against Sharrah were filed against him on March 1, 2021, in Case No. 17CR-21-162. An end to the suspension of jury trials was ordered effective on May 1, 2021. *In re Response to COVID-19 Pandemic*, 2021 Ark. 72 (per curiam).

While it is understandable that Sharrah is frustrated by the delays in his criminal cases caused in part by the COVID-19 pandemic, this is not the type of bad faith, harassment, or other unusual circumstance that would permit this Court to intervene in his pending state court criminal proceedings. The COVID-19 Pandemic has caused enumerable delays in both state and federal court proceedings and caused disruption in virtually all aspects of life. Pursuant to *Younger*, Sharrah must pursue his claims of Constitutional violations in his state court criminal cases.

## IV. CONCLUSION

For the reasons discussed above, it is recommended that Sharrah's Petition under 28 U.S.C.

§ 2241 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE.**

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §§ 2253(b) and (c)(2); *see Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). A "substantial showing" is a showing that "issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (cleaned up). Based upon the above-stated analysis of Sharrah's § 2241 petition, the undersigned does not believe there is any basis for the issuance of a certificate of appealability and, therefore, recommends that any request for a certificate of appealability be denied.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of March 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE